**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| ALLEGIS GROUP, INC., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Civil Action No. |
| QUANTUM MARKET RESEARCH, INC. | ) ) ) |
|     Defendant. | ) ) ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Allegis Group, Inc. ("Allegis"), by its undersigned counsel, for its complaint against Quantum Market Research, Inc. ("QMR"), alleges as follows:

**NATURE OF ACTION**

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, for a declaratory judgment of non-infringement of QMR's QUANTUM WORKPLACE trademark. Allegis seeks a declaration that is use and registration of marks that contain the term QUANTUM (identified hereinbelow and referred to collectively as "QUANTUM-formative Marks") in connection with cloud computing featuring software for recruiting and hiring workers ("Recruiting Services") do not infringe QMR's rights.

2. This action arises out of QMR's demand that Allegis immediately cease and desist from all use and registration of QUANTUM-formative Marks in connection with the Recruiting Services.

-2-

## PARTIES

3. Plaintiff Allegis is a Maryland corporation with its principal office and place of business at 7301 Parkway Drive, Hanover, Maryland 21076. Its wholly owned subsidiary, Allegis Global Solutions, Inc. ("AGS"), is a leader in employee recruiting and acquisition, leveraging its global presence to provide customized human capital resources and solutions software and services to its customers.

4. On information and belief, Defendant QMR is a Delaware corporation with its principal place of business at 13810 FNB Pkwy, Suite 401, Omaha, NE 68154. QMR markets an employee engagement software product that fosters a productive work environment.

## JURISDICTION AND VENUE

5. This is an action for declaratory judgment brought under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and the Declaratory Judgment Act, U.S.C. §§ 2201 *et seq.*, seeking an adjudication of non-infringement of QMR's trademark QUANTUM WORKPLACE. Allegis further seeks an adjudication that Allegis is entitled to continue its exclusive use of and to register its QUANTUM-formative Marks in connection with its Recruiting Services, and that QMR is enjoined from interfering with the registration and use of the QUANTUM-formative Marks in connection with the Recruiting Services.

6. Jurisdiction is based on 28 U.S. C.§§ 1331, 1338 and 1367 because the matter in controversy involves a federal question and a question of trademark law.

7. Personal jurisdition is based on QMR's minimum contacts with this forum because of QMR's substantial, continuous, and systemic contacts with the District of Maryland. QMR regularly conducts business with entities located in the District of Maryland. In addition to serving customers located in Maryland, QMR conducts "Best Places to Work" surveys in

Baltimore, Maryland. By virtue of these actions, QMR has purposefully availed itself of the privilege of conducting business in Maryland and is subject to suit in this judicial District.

8.     Venue is proper under 28 U.S.C. 1391(b) and (c) because a substantial part of the events giving rise to Allegis' claims occurred in this District and because QMR is subject to personal jurisdiction in this District.

9.     An actual case or controversy exists between the parties because QMR has asserted trademark infringement, false designation of origin, and unfair competition claims against Allegis, has demanded that Allegis immediately cease and desist from all use and registration of QUANTUM-formative Marks, and has threatened to take immediate legal action against Allegis.

**BACKGROUND**

10.    Allegis restates and incorporates by reference as if fully set forth the allegations of paragraphs 1 through 9, inclusive.

11.    Allegis is a Maryland business engaged in the business of providing recruiting and staffing solutions through its network of specialized companies. Through its AGS subsidiary, it delivers innovative tools, products, and processes to deliver customized employment solutions in the United States and throughout the world. One such product is QUANTUMWORK.

12.    QMR is a Nebraska business that holds itself out as the provider of an employee engagement software tool called QUANTUM WORKPLACE that enhances the management of employees with surveys, goal identification, feedback, and direct communication.

13.    On June 7, 2017, Allegis filed an intent to use application in the United States Patent and Trademark Office ("USPTO") to register QUANTUM PLATFORM for use in

connection with staffing, recruiting, market research, business project management, and related services. QUANTUM PLATFORM, U.S. Reg. No. 5546985, was registered on August 21, 2018. A true and correct copy of the registration certificate is attached hereto and made a part hereof as Exhibit A. QUANTUM PLATFORM is licensed to and used exclusively by AGS. The QUANTUM PLATFORM trademark has been in use in interstate commerce since at least as early as December 31, 2017.

14. On October 23, 2018, Allegis filed an intent-to-use application to register QUANTUM.WORK, U.S. Ser. No. 88166142, for use in connection with the Recruiting Services. A true and correct copy of the application is attached hereto and made a part hereof as Exhibit B. The QUANTUM.WORK application was approved by the USPTO and published for opposition on August 20, 2019.

15. On October 30, 2018, Allegis filed an intent-to-use application to register QUANTUM, U.S. Ser. No. 88174969, for use in connection with the Recruiting Services. A true and correct copy of the application is attached hereto and made a part hereof as Exhibit C. The QUANTUM application was approved by the USPTO and published for opposition on August 20, 2019.

16. On October 30, 2018, Allegis filed an intent-to-use application to register QUANTUM PLATFORM, U.S. Ser. No. 88175103, for use in connection with the Recruiting Services. A true and correct copy of the application is attached hereto and made a part hereof as Exhibit D. The QUANTUM PLATFORM application was approved by USPTO and published for opposition on August 20, 2019.

17. On May 30, 2019, Allegis filed an intent to use application to register QUANTUMWORK (AND DESIGN), U.S. Ser. No. 88452131, for use in connection with the

Recruiting Services. A true and correct copy of the application is attached hereto and made a part hereof as Exhibit E. That application has been approved for publication by the USPTO.

18. QMR owns a registration for the trademark QUANTUM WORKPLACE, U.S. Reg. No. 3857619, for "business advice and analysis of markets, and conducting business and market research surveys." A true and correct copy of the registration certificate from the USPTO Trademark Status and Document Retrieval (TSDR) is attached hereto and made a part hereof as Exhibit F.

19. On August 9, 2019, counsel for Allegis received a letter via email from counsel for QMR asserting claims of trademark infringement. A true and correct copy of the letter is attached hereto and made a part hereof as Exhibit G. Therein, QMR asserts that it has the right to nationwide exclusive use of QUANTUM WORKPLACE for use in connection with "business advice and analysis of markets, and conducting business and market research surveys." QMR asserts that it has "nationwide common law rights in QUANTUM WORKPLACE" for a variety of additional services. QMR further asserts that Allegis' intended use of and applications to register QUANTUM. WORK and QUANTUMWORK (AND DESIGN) are violating its rights and "specifically advise[s] that … [QMR] is prepared to take all steps necessary to protect [its] valuable intellectual property rights, without further notice to Allegis" if Allegis fails to immediately cease all use of it QUANTUM-formative marks.

20. QMR's threats and allegations create a present justiciable controversy regarding Allegis' right to use and register its QUANTUM-formative Marks free of any allegation by QMR of trademark infringement, false designation of origin, or unfair competition. Allegis is entitled to a judicial declaration that (a) there is no likelihood of consumer confusion, mistake, or deception as to source of the parties' goods and services, and (b) Allegis' use and registration of

its QUANTUM-formative Marks do not constitute trademark infringement, false designation of origin, or unfair competition under federal or state law.

## COUNT I

### (Declaratory Judgment of No Federal Trademark Infringement, No False Designation of Origin, and No Unfair Competition)

21.   Allegis restates and incorporates by reference as if fully set forth the allegations of paragraphs 1 through 20, inclusive.

22.   QMR claims that Allegis' use of its QUANTUM-formative Marks trademark in connection with its Recruiting Services constitutes federal and common law trademark infringement, false designation of origin, and unfair competition and threatens to take legal action if Allegis fails to immediately cease and desist the use and registration of the QUANTUM-formative Marks.

23.   An actual, present, and justiciable controversy exists between Allegis and QMR concerning Allegis' use and registration of Allegis' QUANTUM-formative marks in connection with the Recruiting Services as a direct result of the credible threat of immediate litigation and demand to cease and desist all use of its QUANTUM-formative Marks in connection with the Recruiting Services.

24.   There is no likelihood of consumer confusion, mistake, or deception among the relevant consumers as between Allegis' Recruiting Services and QMR's software. The Recruiting Services involve solely the identification and recruiting of candidates for employment where as QMR's software is directed to engaging existing personnel to create a productive work environment. The Recruiting Services are offered and provided in such a manner that there is no likelihood of consumer confusion, mistake, or deception among the relevant consumers.  The Services are offered and provided only through personal contact with sophisticated consumers

and require a significant investment of time and money. The nature of the Recruiting Services and the personal nature of the transactions involving acquisition of the Recruiting Services compel that consumer confusion, mistake, or deception as to source is unlikely.

25. Allegis seeks a declaratory judgment that the use and registration of the QUANTUM-formative Marks in connection with the Recruiting Services does not constitute trademark infringement, false designation of origin, or unfair competition under the Lanham Act or under common law.

26. Allegis seeks a declaratory judgment that QMR has suffered no, and will not suffer any, damages or loss of goodwill as a result of Allegis' use of the QUANTUM-formative Marks and that QMR is not entitled to injunctive relief or damages under the Lanham Act or common law.

WHEREFORE, Allegis prays that this Court enter an order granting the following relief:

A. Declaring that Allegis' use of the QUANTUM-formative Marks in connection with its Recruiting Services, does not constitute trademark infringement, false designation of origin, or unfair competition under the Lanham Act or common law;

B. Declaring that QMR is not entitled to injunctive relief resulting from Allegis' use of the QUANTUM-formative Marks in connection with its Recruiting Services;

C. Declaring that QMR has suffered no, and will not suffer any, damages or loss of goodwill as a result of Allegis' use of the QUANTUM-formative Marks in connection with its Recruiting Services and that QMR is not entitled to injunctive relief or damages under the Lanham Act or common law.

-8-

D.     Declaring that Allegis' use and registration of the QUANTUM-formative Marks does not infringe on, constitute false designation of origin of, or unfairly compete with on QMR's trademark rights;

E.     An award of reasonable attorneys' fees and costs for this action actions against QMR; and

G.     Such other and further relief as this Court deems just and proper.

                Respectfully submitted,

                /s/  Sherry H. Flax
                Sherry H. Flax, Esq.
                Federal Bar No. 03517
                SAUL EWING ARNSTEIN & LEHR, LLP
                500 E. Pratt Street, 9th Floor
                Baltimore, MD  21202-3133
                Telephone:  (410) 332-8784
                Facsimile:  (410) 332-8785
                sherry.flax@saul.com

35822497.1 08/30/2019